UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUKASZ RUDKOWSKI,<br>　　　　　　　　　　Plaintiff,<br><br>　- against -<br><br>SALON MEDIA GROUP, INC.,<br>　　　　　　　　　　Defendant. | Docket No. 18-cv-5379<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff Lukasz Rudkowski ("Rudkowski" or "Plaintiff"), by and through his undersigned counsel, as and for his Complaint against Defendant Salon Media Group, Inc. ("Salon" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted video of protestors in Berkeley, California, owned and registered by Rudkowski, a New York City-based photojournalist. Accordingly, Rudkowski seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or is doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Rudkowski is a professional photojournalist in the business of licensing his photographs and videos to online, print, and television stations for a fee, having a usual place of business at PO Box 140492, Brooklyn, New York 11214. Rudkowski's photographs and videos have appeared in many publications around the United States.

6. Upon information and belief, Salon is a corporation duly organized and existing under the laws of the State of California, with a place of business at 15 West 37th Street, New York, New York 10018. Upon information and belief, Salon is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Salon has owned and operated a website at the URL: www.salon.com (the "Website").

## STATEMENT OF FACTS

**A. Background and Plaintiff's Ownership of the Video**

7. On April 15, 2017, Rudkowski videoed protestors in Berkeley, California (the "Video"). A true and correct copy of the Video is included herewith in DVD form as Exhibit A (DVD to be provided to the Court with Courtesy Copies).

8. Rudkowski then uploaded the Video to his YouTube account WeAreChange, under the title *Berkeley Free Speech Protesters Prevail*. The video went "viral" and has over 1 Million views. A true and correct screenshot of the Video in the article is attached hereto as Exhibit B.

9. Rudkowski is the author of the Video and has at all times been the sole owner of all right, title and interest in and to the Video, including the copyright thereto.

10. The Video was timely registered with the U.S. Copyright Office and was given Copyright Registration Number PA 2-058-125, effective April 24, 2017. See Exhibit C.

**B. Defendant's Infringing Activities**

11. Upon information and belief, on or about April 17, 2016, Salon ran an article on the Website entitled *"This is just the beginning": Alt-right rejoices as violent protests rock Berkeley*. See http://www.salon.com/2017/04/17/this-is-just-the-beginning-alt-right-rejoices-as-violent-protests-rock-berkeley/ (the "Article"). The Article prominently featured the Video. A true and correct screen shot of the of the article featuring the Video is attached hereto as Exhibit D. A true and correct copy of the Video as it appeared in the Article is included herewith in DVD form as Exhibit E. (DVD to be provided to the Court with Courtesy Copies).

12. Salon did not license the Video from Plaintiff for the Article, nor did Salon have Plaintiff's permission or consent to publish the Video on its Website.

13. Upon information and belief, Salon removed Rudkowski's gutter credit and did not attribute the Video to anyone.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST SALON)**
**(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Salon infringed Plaintiff's copyright in the Video by reproducing and publicly displaying the Video on the Website. Salon is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Video.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Salon have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to recover his/her damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Video, pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to his/her attorney's fees and full costs pursuant to 17 U.S.C. § 505.

21. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Salon be adjudged to have infringed upon Plaintiff's copyrights in the Video in violation of 17 U.S.C §§ 106 and 501;

2. That, with regard to the First Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Video; or

b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded his/her costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).


Dated: Valley Stream, New York
June 14. 2018

                 LIEBOWITZ LAW FIRM, PLLC

                 By: /s/ Joseph A. Dunne
                    Joseph A. Dunne
                    11 Sunrise Plaza, Suite 305
                    Valley Stream, New York 11580
                    Telephone: (516) 233-1660
                    RL@LiebowitzLawFirm.com

                 *Attorney for Plaintiff Lukasz Rudkowski*